# In the United States Court of Federal Claims

No. 15-1034C
(E-Filed: April 25, 2018)[1]

|  |  |  |
|---|---|---|
| DNC PARKS & RESORTS AT YOSEMITE, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | Motion to Compel, RCFC 37(a)(3)(B); Motion to Quash, RCFC 45(d)(3), Motion for Protective Order, RCFC 26(c). |
| THE UNITED STATES, | ) | |
| Defendant, | ) | |
| v. | ) | |
| YOSEMITE HOSPITALITY, LLC, | ) | |
| Third-Party Defendant. | ) | |

<u>Thomas P. McLish</u>, Washington, DC, for plaintiff.

<u>John H. Roberson</u>, Trial Attorney, with whom were <u>Chad A. Readler</u>, Acting Assistant Attorney General, <u>Robert E. Kirschman, Jr.</u>, Director, and <u>Claudia Burke</u>, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

<u>Elliott J. Stein</u>, Lawrenceville, NJ, for non-party movant.

## OPINION & ORDER

CAMPBELL-SMITH, Judge.

---

[1]    This opinion and order was issued under seal on April 12, 2018.  On April 20, 2018, the parties notified the court that no redactions were necessary, ECF No. 122. Thus, the sealed and public versions of this opinion are identical, except for the publication date, this footnote, and several typographical errors.

Three discovery motions are currently before the court:  (1) defendant's motion to compel testimony and documents from non-party Domain Assets, LLC a/k/a CONSOR Intellectual Asset Management (CONSOR), pursuant to Rule 37(a)(3)(B) of the Rules of the United States Court of Federal Claims (RCFC), ECF No. 79; (2) plaintiff's cross-motion to quash and for protective order, pursuant to RCFC 45(d)(3), ECF No. 80; and (3) CONSOR's motion to quash and for protective order, pursuant to RCFC 26(c), ECF No. 100.  The motions are fully briefed and ripe for a ruling.  For the following reasons, defendant's motion is **DENIED**, plaintiff's cross-motion is **GRANTED**, and CONSOR's motion is **GRANTED**.

I.    Background

In September 1993, the parties entered into a contract whereby plaintiff would provide concession services to a variety of facilities in Yosemite National Park.  See Am. Compl., ECF No. 13 at 2.  The contract had an initial term of fifteen years, until September 30, 2008.  The contract was renewed several times, and ultimately expired on February 29, 2016.  See id.  Since that time, the concessions have been operated by Yosemite Hospitality, LLC, the third-party defendant in this case.  See ECF No. 50 at 6.

Plaintiff alleges that defendant breached its obligation to ensure that the third-party defendant purchased certain intellectual property at a fair price upon termination of plaintiff's contract.  See Am. Compl., ECF No. 13 at 22-23.  In addition, plaintiff alleges that defendant's failure to ensure the purchase of that property was a breach of the covenant of good faith and fair dealing, see id. at 23-24, as well as a violation of the terms of the prospectus that governed the solicitation of the new concessions contract, see id. at 24-25.

In 2010, plaintiff hired CONSOR to value its property prior to the termination of its contract.  See ECF No. 80 at 8-9.  CONSOR's valuation was the subject of much negotiation between plaintiff and defendant, and in the context of those negotiations, plaintiff provided the CONSOR report itself, in its entirety, to defendant in December 2014.  See ECF No. 90 at 7.  Defendant now seeks discovery from CONSOR, in the form of both testimony and documents related to CONSOR's valuation of plaintiff's intellectual property.  See ECF No. 79 at 3.  Defendant requests extensive and detailed information relating to the terms of CONSOR's engagement, all related communications, as well as the documents and methods used to arrive at its valuation figures.  See ECF No. 79-1 at 82-98.  CONSOR has not complied with the discovery requests, prompting defendant to file the instant motion to compel, ECF No. 79.

Defendant argues that additional discovery related to this report is appropriate because:  "The requested testimony and documents are critical to understanding the basis of and rebutting DNCY's claim that it is owed $44 million for its intellectual property

assets and are, in any event, entirely relevant to DNCY's historic valuation of its intellectual property." ECF No. 79 at 3.  Defendant also argues that the discovery it seeks is relevant to two of the third-party defendant's affirmative defenses:  (1) that the third-party defendant acted reasonably in relying on defendant's valuation of plaintiff's property, and (2) that plaintiff has unclean hands for failing to disclose the value of its trademarks earlier than it did.  See ECF No. 90 at 8 (citing third-party defendant's answer, ECF No. 64 at ¶¶ 194, 198).  Plaintiff, however, contends that the 2010 CONSOR report is irrelevant to the current litigation because, as it has repeatedly informed defendant, plaintiff does not intend to rely on the 2010 CONSOR valuation as the basis for its alleged damages in this case.  See ECF No. 80 at 13.  Plaintiff also opposes the discovery requests on the grounds that CONSOR is a non-testifying expert, and the information sought is privileged.  See ECF No. 80 at 15-22.

As part of its response to defendant's motion to compel, plaintiff cross-moves to quash the subpoena and seeks a protective order.  See ECF No. 80.  CONSOR has also filed a non-party motion to quash the subpoena for several of the same reasons articulated by plaintiff.  See ECF No. 100 at 13-19 (arguing that CONSOR is a non-testifying expert and that the information sought is privileged).  CONSOR also seeks a protective order

> proscribing further discovery by the United States of the communications between the Plaintiff and CONSOR and the documents prepared by or related to CONSOR's work for Plaintiff pursuant to CONSOR's engagement agreement dated March 24, 2010 with Paul, Weiss, Rifkind, Warton & Garrison LLP and Confidential Retention Letters between CONSOR and Plaintiff dated July 9, 2014 and December 2, 2014.

Id. at 19.

## II.    Legal Standards

The rules of this court include a number of sections relating to allowable discovery and the conduct thereof.  While discovery rules "are to be accorded a broad and liberal treatment[,] . . . discovery, like all matters of procedure, has ultimate and necessary boundaries." Hickman v. Taylor, 329 U.S. 495, 507 (1947); see also Micro Motion, Inc. v. Kane Steel Co., 894 F.2d 1318, 1322 (Fed. Cir. 1990) ("While the Federal Rules of Civil Procedure unquestionably allow broad discovery, a right to discovery is not unlimited.") (citations omitted).

The general scope of discovery in this court is defined, as follows:

> [P]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the

amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

RCFC 26(b)(1). The court "must" limit discovery when the information sought "is outside the scope permitted by RCFC 26(b)(1)." RCFC 26(b)(2)(C)(iii). Additional sections of RCFC 26 proscribe discovery related to either materials created in anticipation of litigation, of non-testifying experts. See RCFC 26(b)(3)-(4).

When a party refuses to comply with requests for relevant and non-privileged information, including for deposition testimony, the party seeking the information may move the court to issue an order compelling such compliance. See RCFC 37(a). If, however, the party from whom discovery is sought believes the requests are improper, that party may move the court to enter an appropriately tailored protective order. See RCFC 26(c). When a request that falls outside the scope of permissible discovery is made through service of a subpoena, the court may quash or modify the subpoena. See RCFC 45(d)(3).

III.    Analysis

In seeking to compel extensive and detailed discovery responses from CONSOR relating to its 2010 report, defendant asserts four bases for its contention that the information sought is relevant, and therefore discoverable. First, defendant states the information is "critical to understanding the basis of and rebutting [plaintiff's] claim that it is owed $44 million for its intellectual property assets." ECF No. 79 at 3. Plaintiff, however, represents to the court, and apparently has told defendant numerous times, that it does not intend to use CONSOR's 2010 valuation to support its claim for damages in this litigation. See ECF No. 80 at 13. Instead, plaintiff plans to engage a different expert, which will conduct its own evaluation. See id. As such, it is information related to the new expert's valuation, not CONSOR's, which will be critical to understanding the basis of plaintiff's claim and to defendant's rebuttal of its calculations.

Defendant further contends that details relating to the CONSOR valuation are "needed to rebut [plaintiff's] charge [that defendant] failed to act in good faith and fair dealing regarding [plaintiff's] efforts to recover the fair value of its property." ECF No. 79 at 5. But defendant has failed to explain how information defendant did not possess at the time the negotiations broke down could impact plaintiff's claim that defendant failed to act in good faith.

Second, defendant claims that the information it seeks is "entirely relevant to [plaintiff's] historic valuation of its intellectual property." Id. at 3. It is, of course,

tautological that a past valuation is relevant to historic valuations.  The problem with defendant's position, however, is that if plaintiff does not plan to rely on CONSOR's past valuation, the court cannot see how the details surrounding the creation of that report are relevant.  To the extent that the new expert relies on "fundamental misconceptions and errors," as defendant alleges CONSOR did, defendant will have a full and fair opportunity to challenge its conclusions.  Id. at 6.

Third, defendant argues that the information it seeks is relevant to the third party-defendant's affirmative defense that it acted reasonably in relying on defendant's valuation of plaintiff's property.  See ECF 90 at 8.  As with the claim for breach of good faith and fair dealing, however, a defense that the third-party defendant acted reasonably must necessarily be predicated on the facts known to it at the time of its actions.  Because the details underlying CONSOR's engagement were not within either defendant's or third-party defendant's knowledge at the time of defendant's valuation, those details are not relevant to establishing the reasonableness of the third-party defendant's reliance on defendant's valuation—even if that valuation was based, in part, on the CONSOR report.

And finally, defendant asserts that the information it seeks is relevant to the third-party defendant's affirmative defense that plaintiff has unclean hands for failing to disclose the value of its trademarks earlier than it did.  See id.  It states that the third-party defendant "alleges that [plaintiff] surreptitiously registered Yosemite-related trademarks and retained CONSOR in 2010 to value these trademarks, more than four years before disclosing the existence of the valuation to [defendant] and after '[defendant] was well into the process of drafting a new prospectus for a new concessioner contract.'"  Id. (quoting third-party defendant's answer, ECF No. 64 at ¶ 198).  Defendant fails to explain, and the court does not see, how the far-reaching discovery it seeks from CONSOR is relevant to this claim.  The nature of the CONSOR engagement and the documents and methods it used in evaluating plaintiff's property do not relate to a claim that plaintiff should have disclosed its assets at an earlier date than it did.

The court concludes that the discovery sought by defendant is not relevant to the claims and defenses presently before the court.  Therefore, the requests do not fall within the permissible scope of RCFC 26(b)(1).  Accordingly, the court hereby quashes the subpoena, and shall enter an appropriately tailored discovery protective order, pursuant to RCFC 26(c).

The court recognizes that the CONSOR report, which is already in defendant's possession, informed the parties' negotiations in a significant way prior to this litigation.  The information defendant seeks from CONSOR, however, extends beyond what is relevant to the claims and defenses presently before the court.  If plaintiff seeks to use the CONSOR report in a manner not currently anticipated, defendant may seek leave of court to make renewed discovery requests related thereto.

IV.    Conclusion

For the forgoing reasons:

(1)    Defendant's motion to compel testimony and documents from non-party CONSOR, ECF No. 79, is **DENIED**;

(2)    Plaintiff's cross-motion to quash and for protective order, ECF No. 80, and CONSOR's motion to quash and for protective order, ECF No. 100, are **GRANTED**;

(3)    The following two subpoenas duces tecum that defendant issued on CONSOR are hereby **QUASHED**:  a deposition subpoena dated November 7, 2016; and, an undated document subpoena served on or about January 6, 2017, ECF No. 79-1 at 82-98; and

(4)    On or before **April 30, 2018**, counsel for the parties shall **CONFER** and **FILE** a **notice** of filing to include the following two attachments:

(a)    An agreed-upon proposed discovery protective order, in accord with the guidance set forth in this opinion; and

(b)    A **redacted copy** of this opinion, with any material deemed proprietary marked out and enclosed in brackets, so that a copy of the opinion can then be prepared and made available in the public record of this matter.

IT IS SO ORDERED.

s/ Patricia Campbell-Smith
PATRICIA CAMPBELL-SMITH
Judge